**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jasson Liz, Miguel Zucco, Edy Miculax, Hector Miculax, and Nely Ivania Montoya, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-CV-6546 |
| | **COMPLAINT** |
| Plaintiff, | |
| - vs. – | |
| Il Porto Brick Oven Ristorante LLC d/b/a Il Porto Brick Oven Pizza & Ristorante, Vincenzo David, Joseph Falco, and John Does #1-10, | |
| Defendants. | |

        Plaintiffs Jasson Liz, Miguel Zucco, Edy Miculax,

Hector Miculax, and Nely Ivania Montoya, by and through

their undersigned attorneys, for their complaint against

defendants Il Porto Brick Oven Ristorante LLC d/b/a Il

Porto Brick Oven Pizza & Ristorante, Vincenzo David, Joseph

Falco, and John Does #1-10, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Jasson Liz, Miguel Zucco, Edy Miculax, Hector Miculax, and Nely Ivania Montoya, allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Il Porto Brick Oven Ristorante LLC d/b/a Il Porto Brick Oven Pizza & Ristorante, Vincenzo David, Joseph Falco, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Plaintiff Hector Miculax further alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Il Porto Brick Oven Ristorante LLC d/b/a Il Porto Brick Oven Pizza & Ristorante, Vincenzo David, Joseph Falco, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they

are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

3.    Plaintiffs further complain on behalf of themselves and on behalf of a class or appropriate subclasses of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unlawfully retained tips; (v) liquidated damages pursuant to New York Labor Law for these violations, and (vi) compensation for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

4.    Plaintiff Mr. Liz is an adult individual residing in the Bronx, New York.

5.    Plaintiffs Mr. Zucco, Edy and Hector Miculax, and Ms. Montoya are adult individuals residing in Brooklyn, New York.

6.    Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

7.    Upon information and belief, defendant Il Porto Brick Oven Ristorante LLC d/b/a Il Porto Brick Oven Pizza & Ristorante ("Il Porto") is a New York corporation with a principal place of business at 37 Washington Avenue, Brooklyn, New York.

8.    At all relevant times, defendant Il Porto has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.    Upon information and belief, at all relevant times, defendant Il Porto has had gross revenues in excess of $500,000.00.

10.  Upon information and belief, at all relevant times herein, defendant Il Porto has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11.   Upon information and belief, at all relevant times, defendant Il Porto has constituted an "enterprise" as defined in the FLSA.

12.   Upon information and belief, defendant Vincenzo David is an owner or part owner and principal of Il Porto who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.   Defendant Vincenzo David was involved in the day-to-day operations of Il Porto Brick Oven Pizza & Ristorante and played an active role in managing the business.

14.   Upon information and belief, defendant Joseph Falco is an owner or part owner and principal of Il Porto Brick Oven Pizza & Ristorante, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.   Defendant Joseph Falco was involved in the day-to-day operations of Il Porto Brick Oven Pizza & Ristorante and played an active role in managing the business.

16.   For example, defendant Vincenzo David hired plaintiff Liz and the Miculax plaintiffs, while defendant Joseph Falco hired plaintiff Montoya and generally paid plaintiffs.

17.   Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors,

members, and/or managing agents of Il Porto, whose identities are unknown at this time, who participated in the day-to-day operations of Il Porto, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

18. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action

on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since November 11, 2013, to the entry of judgment in this case (the "Collective Action Period") as restaurant workers, who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since November 11, 2010, to the entry of judgment in this case (the "Class Period"), as restaurant workers, who were not properly paid minimum wage or overtime compensation, who were not paid "spread of hours" premiums, whose tips were subject to improper retention by management, and/or who were not provided with appropriate annual or weekly wage notices (the "Class Members")

23. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

24. Although the precise number of such persons is unknown, their identities are readily ascertainable from

records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

25. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

26. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

27. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

28. Questions of law and fact common to the members of the putative class and collective actions predominate

over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

29. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

a.  Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members at a rate at least equal to the statutory minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

b.  Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

c.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of New York wage and hour laws and the regulations promulgated thereunder;

d.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members

premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

e.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members spread of hours premiums for days in which they worked shifts lasting in excess of ten hours from start to finish, in violation of New York wage and hour laws and the regulations promulgated thereunder;

f.  Whether defendants illegally retained tips belonging to plaintiffs and the putative Class Members, in violation of New York wage and hour laws and the regulations promulgated thereunder;

g.  Whether defendants failed and/or refused to provide plaintiffs and the putative Class Members with the annual and weekly pay notices required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

h.  Whether defendants failed to keep true and accurate time and pay records for all hours worked by plaintiffs and the putative Class or Collective Action Members;

  i. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

  j. Whether defendants' violations of the New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

30. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

31. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

32. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

33. Plaintiffs and the Collective Action Members and Class Action Members perform or performed similar primary

duties, and were subjected to the same policies and practices by defendants.

34. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**<u>FACTS</u>**

35. At all relevant times herein, defendants owned and operated an Italian restaurant in Brooklyn.

36. Mr. Liz has been employed by defendants since approximately August 2014.

37. Mr. Zucco was employed by defendants from approximately January 2016 through June 2016.

38. Edy Miculax was employed by defendants from approximately October 2009 through July 2016.

39. Hector Miculax was employed by defendants from approximately August 2012 through July 2014.

40. Nely Montoya was employed by defendants from approximately April 2014 through June 2016.

41. Plaintiffs Mr. Liz and Edy Miculax were employed primarily as pizza makers.

42. Plaintiff Hector Miculax was employed as a dishwasher, and then after about a year became a pizza maker.

43. Plaintiffs Mr. Zucco and Ms. Montoya were employed primarily as dishwashers, although they performed other duties from time to time such as cleaning the restaurant and assisting with food preparation.

44. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

45. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

46. Plaintiffs regularly worked six days per week, as follows:

    a. Mr. Liz worked every day except Friday; he worked five twelve-hour days and a half day on Tuesdays, for a total of approximately 66 hours per week.

    b. Mr. Zucco worked every day except Tuesday; he worked approximately ten hours per day, for a total of roughly 60 hours per week.

    c. Mr. Edy Miculax worked every day except Saturday. For approximately the first four years of his employment, he worked between

twelve and fourteen hours per day, for a total of roughly 78 hours per week. For the final three years of his employment, he worked one ten-hour day, three days of between 11 and 14 hours, and a seven-hour day on Mondays, for a total of roughly 67 hours per week.

d. Mr. Hector Miculax worked every day except Thursday, between twelve and fourteen hours per day, for a total of roughly 76 hours per week.

e. Ms. Montoya worked every day except Saturday, typically about 9½ hours per day, for a total of approximately 57 hours per week.

47. Defendants did not provide a time clock, computer punch, timesheets, or any other method for employees to track their time worked.

48. Plaintiffs were paid weekly, on a salary basis throughout their employment, at the following rates:

a. Mr. Liz was paid $525/week at the start of his employment. He received a raise to $550/week after approximately one year. In approximately October 2015, he received a raise to $600 per week. Finally, in approximately July 2016, he received a raise to $650/week.

b. Mr. Zucco was paid $540/week.

    c.  Mr. Edy Miculax was originally paid $650/week. After approximately a year he received a raise to $675/week. He received subsequent raises: to $700/week approximately 1 year later; to $750/week approximately a year after that; and a final raise to $800/week in approximately June 2014.

    d.  Mr. Hector Miculax was paid $400/week when he worked as a dishwasher, and was given a raise to $500/week when he became a pizza maker.

    e.  Ms. Montoya at first was paid $540/week, but after about six months she was reduced in pay to $500/week.

49. As a result of the above-described hours and pay, Mr. Liz's effective rate was below the New York minimum wage until approximately October 2015, and Mr. Hector Miculax's effective rate of pay was below the federal and state minimum wages in effect at all relevant times.

50. Defendants' failure to pay Mr. Liz and Mr. Hector Miculax an amount at least equal to the federal or New York state minimum wages in effect during relevant time periods was willful, and lacked a good faith basis.

51.   Plaintiffs were paid in cash throughout their employment, and they received no paystubs or wage statements with their pay.

52.   In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

53.   Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

54.   Plaintiffs – with the exception of Mr. Zucco and Ms. Montoya – worked five or six shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

55.   Defendants' payment of a weekly salary to plaintiffs, rather than paying them on an hourly basis, also violated 12 N.Y.C.R.R. § 146-2.5.

56.   Defendants maintained a "tip bucket" at the counter into which customers could place money intended as gratuities for employees, and indeed defendants sometimes

expressly pointed out these tip buckets to customers and suggested that the customers tip the employees.

57. Nevertheless, defendants would simply retain the money in the tip bucket for themselves; they would not distribute it to plaintiffs.

58. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain plaintiffs' signature acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

59. Defendants failed to provide plaintiffs with weekly records of their regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

60. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Class and Collective Action Members) in positions at defendants' restaurant that

required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

61.  Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Action Members, including policies, practices, and procedures with respect to the payment of overtime.

62.  Upon information and belief, defendants have failed to pay these other individuals the minimum wage, in violation of the FLSA and/or the New York Labor Law.

63.  Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

64.  Upon information and belief, these other individuals were not paid "spread of hours" premiums on days when they worked shifts lasting in excess of ten hours from start to finish.

65.  Upon information and belief, these other individuals were not provided with required annual or weekly wage notices as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

66. Upon information and belief, while defendants employed plaintiffs and the Class and Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(Fair Labor Standards Act – Minimum Wage)**

67. Mr. Hector Miculax, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, defendants employed Mr. Hector Miculax and the Collective Action Members within the meaning of the FLSA.

69. Defendants failed to pay a salary greater than the minimum wage to Mr. Hector Miculax and the Collective Action Members for all hours worked.

70. As a result of defendants' willful failure to compensate Mr. Hector Miculax and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and

continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

71.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

72.  Due to defendants' FLSA violations, Mr. Hector Miculax and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law — Minimum Wage)

73.  Mr. Liz and Mr. Hector Miculax, on behalf of themselves and the members of the Class or an appropriate subclass, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74.  At all relevant times, Mr. Liz, Mr. Hector Miculax, and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.   Defendants willfully violated the rights of Mr. Liz, Mr. Hector Miculax, and the members of the Class by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

76.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77.   Due to defendants' New York Labor Law violations, Mr. Liz, Mr. Hector Miculax, and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

78.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79.   At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

80. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

81. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

82. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

83. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

84.   Plaintiffs Jasson Liz and the Miculax plaintiffs, on behalf of themselves and the members of the Class or an appropriate subclass, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

85.   At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86.   Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

87.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

88.   Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees,

and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

89.  Plaintiffs Jason Liz and the Miculax plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

90.  At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

91.  Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

92.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

24

93.   Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT VI**

### **(New York Labor Law – Illegal Tip Retention)**

94.   Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

95.   At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

96.   Defendants willfully violated the rights of plaintiffs and the members of the Class by illegally retaining their tips, in violation of New York Labor Law § 196-d.

97.   Defendants' illegal retention of tips was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

98.  Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unlawfully retained tips, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1)

**COUNT VII**

**(New York Labor Law – Wage Theft Prevention Act)**

99.  Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

100. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

101. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

102. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with weekly wage statements required by the

Wage Theft Prevention Act at any time during their employment.

103. Due to defendants' New York Labor Law violations relating to the failure to provide compliant, accurate wage statements, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

104. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing

plaintiffs and their counsel to represent the Class and/or appropriate subclasses;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

i.  Damages for defendants' illegal retention of employee tips;

j.  Liquidated damages for defendants' New York Labor Law violations;

k.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

l.  Back pay;

m.  Punitive damages;

n.  An  award  of  prejudgment  and  postjudgment
    interest;

o.  An  award  of  costs  and  expenses  of  this  action
    together  with  reasonable  attorneys'  and  expert
    fees; and

p.  Such  other,  further,  and  different  relief  as
    this  Court  deems  just  and  proper.


Dated:  November 11, 2016


_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Il Porto Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Il Porto Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Jasson Liz


Date:  September 15, 2016

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Il Porto Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Il Porto Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

Miguel Zucco

Date:  September 15, 2016

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Il Porto Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Il Porto Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


X _____
    Edy Miculax


Date:  September 15, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Il Porto Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Il Porto Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


X _Hector Miculax_
    Hector Miculax


Date:  September 26, 2016

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Il Porto Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Il Porto Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Nely Ivania Montoya


Date:  September 26, 2016